Andrew D. Campbell, OSB #022647
Email: andrew@heltzel.com
Heltzel Williams PC
PO Box 1048
Salem, OR 97308
Phone: (503) 585-4422
Fax: (503) 370-4302
    Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JENNIFER ROSE,<br><br>    Plaintiff,<br><br>v.<br><br>**CITY OF COQUILLE**, an Oregon City; **RICK HOHNBAUM**, in his official and individual capacities; **DOUGLAS MILLER**, in his individual and official capacities; **SCOTT SANDERS**, in his individual and official capacities; **SAMUEL BAUGH**, in his individual and official capacities; and **JAMES MARTIN**, in his official and individual capacities;<br><br>    Defendants. | Case No. 6:21-CV-00703-MK<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

In response to Plaintiff Jennifer Rose's ("Plaintiff") First Amended Complaint filed herein, Defendants the City of Coquille (the "City"), Rick Hohnbaum ("Hohnbaum"), Douglas Miller ("Miller"), Scott Sanders ("Sanders"), Samuel Baugh

("Baugh"), and James Martin ("Martin"), collectively referred to as "Defendants," hereby admit, deny and allege the following:

1.

Paragraph 1 is ADMITTED.

2.

The first sentence of Paragraph 2 is ADMITTED. The balance of the allegations in Paragraph 2 contain legal conclusions that do not call for an admission or denial.

3.

Paragraph 3 is admitted in part and denied in part as follows: Defendants DENY that Hohnbaum, Miller, Sanders, Baugh, and Martin were each agents of the City or employees of the City at all times described in the Complaint. The balance of allegations are legal conclusions that do not call for an admission or denial.

4.

Paragraph 4 does not call for an admission or denial, the Complaint speaks for itself.

5.

Paragraph 5 does not call for an admission or denial, the Complaint speaks for itself.

6.

Paragraph 6 is ADMITTED.

7.

Paragraph 7 is ADMITTED.

8.

Paragraph 8 is ADMITTED.

9.

Paragraph 9 is admitted in part and denied in part as follows: Defendants ADMIT that Plaintiff was in good standing and received positive performance reviews over the years. Defendants further ADMIT that Plaintiff received a significant pay raise in 2020. Defendants DENY that retaliation occurred.

10.

Paragraph 10 is DENIED.

11.

Paragraph 11 is DENIED.

12.

Paragraph 12 is DENIED.

13.

Paragraph 13 is admitted in part and denied in part as follows: Defendants ADMIT that the payroll clerk voluntarily separated from the City and that the City Council eliminated the positions of Finance Director and Public Works Director and that this created stress on the City; the balance of allegations are DENIED.

14.

Paragraph 14 is admitted in part and denied in part as follows: Defendants ADMIT that Plaintiff, like other City staff, helped fill the gaps left by departing staff; the balance of allegations are DENIED.

## 15.

Paragraph 15 is admitted in part and denied in part as follows: Defendants ADMIT that Plaintiff submitted time cards to third-party payroll processors and that initially the third-party processor was Cardinal and later ADP was added for full-time staff; the balance of allegations are DENIED.

## 16.

Paragraph 16 is admitted in part and denied in part as follows: Defendants ADMIT that Plaintiff blamed others for a variety of issues; Defendants DENY that Martin was involved with managing the City. The balance of the allegations are DENIED.

## 17.

Paragraph 17 is admitted in part and denied in part as follows: Defendants ADMIT that the City hired a third-party accounting firm and that Plaintiff had substantial interaction with that accounting firm. Defendants further ADMIT and that the July 28, 2020 statement alleged was in the body of an email sent by Plaintiff. The balance of allegations are DENIED.

## 18.

Paragraph 18 is admitted in part and denied in part as follows: Defendants ADMIT that the accounting firm and Baugh presented financial information to the City Council as alleged; the balance of allegations are DENIED.

## 19.

Paragraph 19 is admitted in part and denied in part as follows: Defendants ADMIT that the accounting firm made the statement alleged, but DENY the characterization of

HELTZEL WILLIAMS PC
P.O. BOX 1048 ■ SALEM, OREGON 97308-1048
TELEPHONE (503) 585-4422 ■FACSIMILE (503) 370-4302

"chastise." Defendants have insufficient information about the balance of allegations to admit or deny them, and on that basis alone they are DENIED.

20.

Paragraph 20 is admitted in part and denied in part as follows: Defendants ADMIT that the accounting firm made the requests alleged and that those requests were not approved. Defendants DENY the balance of allegations.

21.

Paragraph 21 is admitted in part and denied in part as follows: Defendants ADMIT that Plaintiff received a performance evaluation in 2020 that included the comments alleged, among others. Defendants DENY the balance of allegations.

22.

Paragraph 22 is admitted in part and denied in part as follows: Defendants ADMIT that the selectively edited language appears in the email alleged. Defendants have insufficient information about Plaintiff's "frustrations" or other motives to admit or deny the balance of allegations and on that basis alone, the balance of the allegations are DENIED.

23.

Paragraph 23 is DENIED.

24.

Paragraph 24 is DENIED.

25.

Paragraph 25 is admitted in part and denied in part as follows: Defendants ADMIT that Martin informed the City Manager (Baugh) that Plaintiff tried to call an executive session; the balance of allegations are DENIED.

26.

Paragraph 26 is admitted in part and denied in part as follows: Defendants ADMIT that a Notice of Investigation was issued to Plaintiff on November 9, 2020; the balance of allegations are DENIED.

27.

Paragraph 27 is admitted in part and denied in part as follows: Defendants ADMIT the selectively edited text appears in the email alleged; Defendants DENY the balance of allegations.

28.

Paragraph 28 is admitted in part and denied in part as follows: Defendants ADMIT the selectively edited text appears in the email alleged; Defendants DENY the balance of allegations.

29.

Paragraph 29 is admitted in part and denied in part as follows: Defendants ADMIT that Plaintiff spoke to the City Council on or about November 23, 2020; the balance of allegations are DENIED.

30.

Paragraph 30 is DENIED.

6 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
BCO:mom/W:\CLIENTS\CO19229\001\00725869.DOCX

**HELTZEL WILLIAMS PC**
**P.O. BOX 1048 ■ SALEM, OREGON 97308-1048**
**TELEPHONE (503) 585-4422 ■FACSIMILE (503) 370-4302**

31.

Paragraph 31 is DENIED.

32.

Paragraph 32 is admitted in part and denied in part as follows: Defendants ADMIT that Miller presented the internal investigation that he had performed to the City Council, and that the City Council issued a notice of disciplinary hearing that addressed five allegations. The balance of allegations are DENIED.

33.

Paragraph 33 is admitted in part and denied in part as follows: Defendants ADMIT that the City charter includes the language alleged; Defendants DENY that the charter contains a prohibition on delegation.

34.

Paragraph 34 is admitted in part and denied in part as follows: Defendants ADMIT that the text alleged appeared in a letter; Defendants DENY the balance of allegations.

35.

Paragraph 35 is DENIED.

36.

Paragraph 36 is admitted in part and denied in part as follows: Defendants ADMIT that Plaintiff was terminated on or about March 21, 2021; the balance of allegations are DENIED.

37.

Paragraph 37 is DENIED.

38.

Defendants ADMIT that Plaintiff sent letters titled "tort claim notice" on or around the dates alleged in Paragraph 38.

39.

Paragraph 39 is DENIED.

40.

Defendants do not have sufficient information to admit or deny what an unidentified reporter allegedly emailed Plaintiff nor what "the media" allegedly reported, and on that basis, DENIES those allegations in Paragraph 40; the balance of allegations in Paragraph 40 are also DENIED.

41.

Paragraph 41 is admitted in part and denied in part as follows: Defendants ADMIT that, on April 30, 2021, Defendant Martin informed Plaintiff that the City had received the public records request alleged. Defendants further ADMIT that (through counsel) they informed Plaintiff that, like the majority of municipalities in Oregon, the City does not have written policies on name clearing hearings. Defendants further ADMIT that Plaintiff sent a supplemental tort claims notice on or around July 21, 2021. Unless expressly admitted herein, the balance of the allegations in Paragraph 41 are denied.

42.

Paragraph 42 is DENIED.

43.

Paragraph 43 is DENIED.

44.

Paragraph 44 is DENIED.

45.

Paragraph 45 is admitted and denied as set forth above.

46.

Paragraphs 46 through 53 contain legal conclusions that do not call for an admission or denial.

47.

Paragraph 54 does not call for an admission or denial; the Complaint speaks for itself.

48.

Paragraph 55 is admitted and denied as set forth above.

49.

Paragraphs 56 through 64 contain legal conclusions that do not call for an admission or denial.

50.

Paragraph 65 does not call for an admission or denial; the Complaint speaks for itself.

51.

Paragraph 66 is admitted and denied as set forth above.

52.

Paragraph 67 contains legal conclusions that do not call for an admission or denial.

HELTZEL WILLIAMS PC
P.O. BOX 1048 ■ SALEM, OREGON 97308-1048
TELEPHONE (503) 585-4422 ■FACSIMILE (503) 370-4302

53.

Paragraph 68 does not call for an admission or denial; the Complaint speaks for itself.

54.

Paragraph 69 is admitted and denied as set forth above.

55.

Paragraph 70 contains legal conclusions that do not call for an admission or denial.

56.

Paragraph 71 does not call for an admission or denial; the Complaint speaks for itself.

57.

Paragraph 72 is admitted and denied as set forth above.

58.

Paragraphs 73 through 75 contain legal conclusions that do not call for an admission or denial.

59.

Paragraph 76 does not call for an admission or denial; the Complaint speaks for itself.

60.

Paragraph 77 is admitted and denied as set forth above.

61.

Paragraphs 78 though 80 contain legal conclusions that do not call for an admission or denial.

62.

Paragraph 81 does not call for an admission or denial; the Complaint speaks for itself.

63.

Paragraph 82 is admitted and denied as set forth above.

64.

Paragraphs 83 through 84 contain legal conclusions that do not call for an admission or denial.

65.

Paragraph 85 does not call for an admission or denial; the Complaint speaks for itself.

66.

Paragraph 86 is admitted and denied as set forth above.

67.

Paragraphs 87 through 91 contain legal conclusions that do not call for an admission or denial.

68.

Paragraph 92 is admitted and denied as set forth above.

69.

Paragraphs 93 through 98 contain legal conclusions that do not call for an admission or denial.

70.

Paragraph 99 is admitted and denied as set forth above.

71.

Paragraphs 100 through 102 contain legal conclusions that do not call for an admission or denial.

72.

Paragraph 103 is admitted and denied as set forth above.

73.

Paragraphs 104 through 106 contain legal conclusions that do not call for an admission or denial.

74.

Paragraph 107 is admitted and denied as set forth above.

75.

Paragraphs 108 through 110 contain legal conclusions that do not call for an admission or denial.

76.

Unless specifically and expressly admitted herein, Defendants DENY each and every allegation in the Complaint.

WHEREFORE, having fully answered all allegations contained in the Complaint, for their affirmative defenses, Defendants hereby allege as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.

One or more of Plaintiff's claims fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Absolute Privilege)

2.

As a result of the executive privilege, the legislative privilege, the witness privilege, discretionary immunity under the Oregon Tort Claims Act and/or any combination thereof, the individually named defendants are absolutely immune from some or all of the claims alleged.

## THIRD AFFIRMATIVE DEFENSE

(Qualified Immunity)

3.

To the extent that any action complained of herein violated a right of Plaintiff, under the circumstances presented, no reasonable public official could have understood that the conduct represented a violation of Plaintiff's constitutionally protected rights. The individually named defendants are therefore entitled to qualified good faith immunity from all 42 U.S.C. § 1983 claims.

13 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
BCO:mom/W:\CLIENTS\CO19229\001\00725869.DOCX

**HELTZEL WILLIAMS PC**
**P.O. BOX 1048 ■ SALEM, OREGON 97308-1048**
**TELEPHONE (503) 585-4422 ■FACSIMILE (503) 370-4302**

## FOURTH AFFIRMATIVE DEFENSE

(Aid & Abet)

4.

The individually-named defendants were executive level employees of the City at all material times. As such, they acted as the City when undertaking official action and therefore could not aid and abet the City.

## FIFTH AFFIRMATIVE DEFENSE

(Primary Actor)

5.

Some or all of the individually-named defendants were primary actors in the decisions underlying Rose's claims brought against the City under ORS 659A.199 and ORS 659A.203. As such, they cannot be held liable under ORS 659A.030 for aiding and abetting.

## SIXTH AFFIRMATIVE DEFENSE

(Objective Basis for Actions)

6.

Defendants had valid, legitimate, objectively reasonable, non-discriminatory and non-retaliatory reasons for all actions taken regarding the terms and conditions of Plaintiff's employment, and such actions were not based on any improper motive or taken for any improper purpose.

## SEVENTH AFFIRMATIVE DEFENSE

(Legitimate Basis for Pay Disparity)

7.

Any pay disparity between Plaintiff's wages and those of male City employees performing work of comparable character to Plaintiff was based on a legitimate factor other than sex.

## EIGHTH AFFIRMATIVE DEFENSE

(Payment of Wages Due and Owing)

8.

The City paid Plaintiff all wages due and owing to her at all material times in accordance with ORS 652.120.

## NINTH AFFIRMATIVE DEFENSE

(Authorized Deductions)

9.

All of the City's deductions, withholdings, and diversions from Plaintiff's wages were authorized under ORS 652.610(3).

## TENTH AFFIRMATIVE DEFENSE

(Payment of Unpaid Wages Upon Termination)

10.

The City paid Plaintiff all earned but unpaid wages within one business day of her termination in accordance with ORS 652.140.

15 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
BCO:mom/W:\CLIENTS\CO19229\001\00725869.DOCX

**HELTZEL WILLIAMS PC**
**P.O. BOX 1048 ■ SALEM, OREGON 97308-1048**
**TELEPHONE (503) 585-4422 ■FACSIMILE (503) 370-4302**

## ELEVENTH AFFIRMATIVE DEFENSE

(Name Clearing Hearing Offered)

11.

The City gave Plaintiff the opportunity to participate in a name clearing hearing in connection with the material sought in a public records request the City received on or around April 30, 2021.

12.

The name clearing hearing offered to Plaintiff would have met Due Process requirements.

## TWELFTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

13.

Defendants reserve the right to plead additional defenses consistent with Fed. R. Civ. P. Rules 8C and 12 constituting an avoidance or affirmative defense as may be revealed or discovered by discovery in this matter.

///

///

///

///

///

///

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for judgment in their favor, dismissing all of Plaintiff's claims with prejudice, and awarding Defendants their costs, fees, and attorney fees incurred herein pursuant to 42 U.S.C. §2000e-5(k) and ORS 659A.885(8)(e).

Dated this 12th day of August, 2021.

HELTZEL WILLIAMS PC

s/Andrew D. Campbell
Andrew D. Campbell, OSB #022647
Attorney for Defendants
PO Box 1048
Salem, OR 97308
Phone: (503) 585-4422
Fax: (503) 370-4302
Email: andrew@heltzel.com

# CERTIFICATE OF SERVICE

I hereby certify that I served the attached **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** on:

Talia Yasmeen Guerriero
Christina Stephenson
Robert K. Meyer
Meyer Stephenson
1 SW Columbia St Ste 1850
Portland OR  97204
Email: talia@oregonworkplacelaw.com
Email: christina@oregonworkplacelaw.com
Email: robert@oregonworkplacelaw.com
    Attorneys for Plaintiff

☐ By mailing to said attorney(s) a full and correct copy therefor, contained in a sealed envelope, with postage paid, addressed to said attorney(s) as stated above and deposited in the United States Post Office at Salem, Oregon.

☐ By hand delivering to said attorney(s) a true copy thereof.

☒ By emailing to said attorney(s) at their above listed email address(es) a true copy thereof.

☒ By electronic filing with the District Court's CM/ECF system.  The CM/ECF system generated Notice of Electronic Filing constitutes proof of service upon a Filing User in accordance with Fed. R. Civ. P. 5(d).

Dated this 12th day of August, 2021.

                                              HELTZEL WILLIAMS PC

                                              s/Andrew D. Campbell
                                              Andrew D. Campbell, OSB #022647
                                              Attorney for Defendants
                                              PO Box 1048
                                              Salem, OR 97308
                                              Phone: (503) 585-4422
                                              Email: Andrew@heltzel.com